IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIENT-SERVER TECHNOLOGY GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHAD DEROCHER, <br><br> Defendant. | 8:20CV28 <br><br> **FINDINGS AND RECCOMENDATION** |

On January 16, 2020, Defendant Chad DeRocher ("Defendant") timely removed this action from the District Court for Douglas County, Nebraska. (Filing No. 1). Thereafter, Plaintiff Client-Server Technology Group, Inc. ("Plaintiff") moved to remand – claiming that this court lacks subject matter jurisdiction. (Filing No. 10). For the reasons set forth below, Plaintiff's motion to remand should be denied.

ANALYSIS

Removal of civil actions from state court to federal court is authorized by 28 U.S.C. § 1441(a), which provides, in relevant part, that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); see also Mensah v. Owners Ins. Co., 951 F.3d 941, 943 (8th Cir. 2020) ("[a]n action may be removed to federal court only if the action could

have been originally filed in federal district court") (internal citation omitted). The federal district courts have original jurisdiction over questions of federal law, pursuant to 28 U.S.C. § 1331, or where there is a complete diversity of parties, pursuant to 28 U.S.C. § 1332.

Defendant removed this action citing federal diversity jurisdiction under to 28 U.S.C. § 1332(a). (Filing No. 1 at CM/ECF p. 2). Diversity jurisdiction has two requirements: complete diversity of the parties, and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Both parties appear to agree that the first requirement is met—all parties are diverse. Defendant's answer states Plaintiff is a Nebraska corporation with its principal place of business in Omaha, Douglas County, Nebraska, and Defendant is an individual residing in Maricopa County, Arizona. (Filing No. 4, at CM/ECF p. 4). The parties disagree as to whether the amount in controversy exceeds the jurisdictional threshold.

Plaintiff claims that "at this time" it does not "anticipate[ ]" that damages will exceed $75,000.00, as required for removal to federal court. (Filing No. 11 at CM/ECF p. 3). Plaintiff further claims that Defendant, as removing party, bears the burden of proving all jurisdictional prerequisites, including that the amount in controversy requirement is met. (Id. at CM/ECF p. 2).

As to who bears the burden, Plaintiff is correct. Defendant, as the party seeking to remove the case to federal court, is the one burdened with establishing the existence federal jurisdiction. See, e.g., Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010). But contrary to Plaintiff's contention otherwise, Defendant has clearly made the required jurisdictional showing.

Plaintiff's prayer for relief requests the following damages measures:

2

> a. for damages [for] misappropriation of trade secrets pursuant to Neb. Rev. Stat.§ 87-501 et seq.;
>
> b. for permanent injunction preventing misuse of trade secrete pursuant to Neb. Rev. Stat. § 87-501 et seq.;
>
> c. for general and special damages as a result of Defendant's breach of his duty of loyalty;
>
> d. for general and special damages as a result of Defendant's tortious interference in contractual relationships; and
>
> e. for costs as well as any further relief as allowed by law.

(Filing No. 1-1 at CM/ECF p. 2). As noted, Plaintiff claims that it does not anticipate that the above damages, if awarded, would exceed $75,000.00. However, what Plaintiff anticipates is irrelevant. Defendant need only show, by a preponderance of the evidence, that there is some arguable basis on which the fact finder "might legally conclude" that the amount in controversy exceeds $75,000.00. Gurrola v. Tyson Fresh Meats, Inc., 2014 WL 25594, at *2 (D. Neb. Jan. 2, 2014) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir.2009)); see also Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012) ("Under the preponderance standard, the jurisdictional fact ... is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are...[.]") (citation omitted).

There is no statutory bar or common law rule implicated here that would preclude the fact finder from awarding damages in excess of the jurisdictional requirement. While the ultimate measure of damages may fall short of $75,000.00, it also may not. That is all that is required to meet Defendant's burden.[1]

---

[1] The court declines to address the parties' arguments regarding Defendant's counterclaim damages and how they impact the amount in controversy. Plaintiff's claims alone meet the jurisdictional threshold and the court need look no further.

3

"Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Bell, 557 F.3d at 956. Plaintiff has not made that showing. Plaintiff's argument opposing jurisdiction is based on conjecture as to what the ultimate damages may total. (Filing No. 11 at CM/ECF p. 3). While Plaintiff may not expect that damages will exceed the required threshold, that is a far cry from a legal certainty.

The court therefore finds that Defendant has made a sufficient showing of jurisdiction and the motion for remand should be denied.

IT IS RECOMMENDED to the Honorable Brian C. Buescher, United States District Judge, that Plaintiff's Motion for Remand (Filing No. 10) be denied in its entirety.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 3rd day of April, 2020.

                                                                    BY THE COURT:

                                                                    *s/ Cheryl R. Zwart*
                                                                    United States Magistrate Judge